IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ZELMA M. LOEB-DEFEVER and | § | |
| LOEB ARCHITECTS, LLC, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO. 4:19-cv-00578-ALM |
| | § | |
| STRATEGIC CONSTRUCTION, LTD. | § | JURY |
| d/b/a FCI MULTI-FAMILY, ET AL., | § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO
DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER**

**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd, Suite 1000
Dallas, Texas 75219
Tel:  (214) 396-9427
Fax: (469) 217-8296
mdortch@potts-law.com

Patrick Zummo
State Bar No. 22293450
**LAW OFFICES OF PATRICK ZUMMO**
Two Houston Center
909 Fannin, Suite 3500
Houston, Texas 77010
(713) 651-0590 (Telephone)
(713) 651-0597 (Facsimile)
pzummo@zoomlaw.com

**ATTORNEYS FOR PLAINTIFFS**

# TABLE OF CONTENTS

SUMMARY OF THE MOTION AND PLAINTIFFS' RESPONSE ............................................ 1

BACKGROUND ............................................................................................................................ 1

    I.      Factual Background ....................................................................................................... 1

    II.     Procedural History ........................................................................................................ 3

LEGAL STANDARDS .................................................................................................................. 4

ARGUMENT AND AUTHORITIES ............................................................................................. 4

    I.      Venue Is Proper in this District and the Rule 12(b)(3) and § 1406(a) Motions
           Should be Denied. ......................................................................................................... 4

          A.     Venue of Plaintiffs' Claims Under the Copyright Act is Proper in
                this District. .................................................................................................... 5

               1.      No Defendant Moved to Dismiss for Lack of Personal
                     Jurisdiction, So All Defendants Are Subject to Personal
                     Jurisdiction in this Court and in this District. ................................. 6

               2.      Even Without Defendants' Waiver, this Court Has Venue
                     Over the Copyright Claims Against All Defendants. .................... 7

          B.     Venue of Plaintiffs' State Law Claims Is Proper in this District. ............. 11

               1.      No Defendant Moved to Dismiss for Lack of Subject Matter
                     or Personal Jurisdiction, So All Defendants Are Subject to
                     Personal Jurisdiction in this Court and in this District. ............... 11

                2.      Pendent Venue Lies in this District Over Plaintiffs' Claims
                     for Breach of Contract and Tortious Interference......................... 12

          C.     Plaintiffs Have Shown that Venue Is Proper in this District, and the Court
                Should Deny Defendants' Rule 12(b)(3) Motion and Their § 1406(a) Motion
                to Transfer. ................................................................................................... 12

    II.     Defendants Have Not Met Their Burden to Show that the Case Should be
           Transferred to the Southern District of Texas....................................................... 13

          A.     The Private Factors ..................................................................................... 14

               1.      Ease of Access to Sources of Proof ............................................... 14

                2.      Process, Cost of Attendance and Other Factors............................ 19

3.     The Private Factors Weigh Against Transfer................................. 19

B.     The Public Factors ...................................................................... 20

C.     This Case Should Not Be Transferred. ...................................... 21

# TABLE OF AUTHORITIES

## Cases

*Adams v. Unione Mediterranea Di Sicurta,*
    220 F.3d 659, 667 (5th Cir. 2004) .................................................................. 6

*Andra Group, LP v. Bareweb, Inc.,*
    Civil Action No. 4:17-CV-00815, 2018 U.S. Dist. LEXIS 97378, *17-18, n. 2 (E.D.
    Tex. June 11, 2018).................................................................................... 9, 12

*Bowman v. GV Multi-Family, LLC, et al.,*
    No. 4:18-cv-00243-ALM, in the United States District Court for the Eastern
    District of Texas, Sherman Division.................................................................. 9

*Broad. Music, Inc. v. M.T.S. Enters., Inc.,*
    811 F.2d 278 (5th Cir. 1987) ......................................................................... 6

*C&J Spec Rent Services v. Leam Drilling Sys. LLC,*
    No. 2:19-cv-00079, 2019 U.S. Dist. LEXIS 114010 (E.D. Tex. July 10, 2019) ............. 19

*Cactus Pipe & Supply Co. v. M/V Montmartre,*
    756 F.2d 1103, 1107-08 (5th Cir. 1985) ............................................................ 6

*Centerville ALF, Inc. v. Balanced Care Corp.,*
    197 F. Supp. 2d 1039, 1047-49 (S.D. Ohio 2002) ................................................ 6

*Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys. LLC,*
    No. 2:15-CV-00037, 2017 U.S. Dist. LEXIS 136479, *15 (E.D. Tex. July
    19, 2017).............................................................................................. 13

*Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.,*
    867 F. Supp. 2d 859, 870 (E.D. Tex. 2012)................................................... 16, 17

*Godo Kaisha Ip Bridge v. Intel Corp.,*
    No. 2:17-CV-00676, 2018 U.S. Dist. LEXIS 221582 (E.D. Tex. Aug. 29, 2018) .......... 10

*Goodman Co. v. A & H Supply, Inc.,*
    396 F. Supp. 2d 766, 776 (S.D. Tex. 2005) ..................................................... 20

*Halcyon Biomedical, Inc. v. Glatt Air Techniques, Inc.,*
    No. H-19-690, 2019 U.S. Dist. LEXIS 97020, *20 (S.D. Tex. June 10, 2019)............... 11

*Heller Financial, Inc. v. Midwhey Powder Co., Inc.,*
    883 F.2d 1286, 1293 (7th Cir. 1989) .............................................................. 18

*Hoffman v. Blaski,*
    363 U.S. 335, 343 (1960).............................................................................. 10

*In re EMC Corp.*,
    501 Fed. App'x 973, 976 (Fed. Cir. 2013) ...................................................... 10

*In re Volkswagen AG*,
    371 F.3d 201, 203 (5th Cir. 2004) .................................................................. 13

*In re Volkswagen of America Inc.*,
    545 F.3d 304, 315 (5th Cir. 2008) .............................................. 13, 14, 19, 21

*KMR Capital, L.L.C. v. Bronco Energy Fund, Inc.*,
    2006 U.S. Dist. LEXIS 86240, at *20 (W.D. Tex. July 11, 2006) ................................ 6, 7

*Knapper v. Safety Kleen Sys.*,
    No. 9:08-CV-84, 2009 U.S. Dist. LEXIS 30118 (E.D. Tex. April 3,
    2009) ........................................................................ 6, 7, 12, 16, 17

*LeBouef v. Gulf Operators, Inc.*,
    20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) ............................................. 15, 17

*Mid-West Materials, Inc. v. Tougher Indus.*,
    484 F. Supp. 2d 726, 733-34 (N.D. Ohio 2007) ............................................. 6

*NBA Properties, Inc. v. Salvino, Inc.*,
    No. 99 Civ. 11799 (AGS), 2000 U.S. Dist. LEXIS 3799, *23 (S.D.N.Y. Mar. 27,
    2000) ...................................................................................... 18

*Oasis Research, LLC v. Pro Softnet Corp.*,
    No. 4:12-CV-531, 2012 U.S. Dist. LEXIS 118019, *1-12 (E.D. Tex. Aug.
    21, 2012) .................................................................................. 15

*Orb Factory, Ltd. v. Design Science Toys, Ltd.*,
    6 F. Supp. 2d 203, 209-10 (S.D.N.Y. 1998) ............................................. 18, 19

*Pall Corp. v. PTI Techs.*,
    992 F. Supp. 196, 200 (E.D.N.Y. 1998) ...................................................... 18

*Perritt v. Jenkins*,
    No. 4:11-CV-23, 2011 U.S. Dist. LEXIS 89614, *8-9 (E.D. Tex. July 18, 2011) ........... 16

*Rossco Holdings, Inc. v. Best Western Int'l, Inc.*,
    No. H-06-0155, 2006 U.S. Dist. LEXIS 31646, (S.D. Tex. Apr. 18, 2006) .................... 15

*Shippitsa Ltd. v. Slack*,
    Civil Action No. 3:18-CV-1036-D, 2019 U.S. Dist. LEXIS 121994, *19-20 (N.D.
    Tex. July 23, 2019) ....................................................................... 12

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
    137 S. Ct. 1514 (2017) ...................................................................... 9

*Time, Inc. v. Manning*,
    366 F.2d 690 (5th Cir. 1966) ............................................................... 5, 7, 10

*Vine Oil & Gas LP v. Indigo Minerals, LLC*,
    Civil Action No. 4:19-CV-00346, 2019 U.S. Dist. LEXIS 148185 (E.D.
    Tex. 2019) .................................................................. 4, 8, 12, 13, 20

*Vomastek v. AXA Equitable Life Ins. Co.*,
    No. 5:15-cv-50, 2016 U.S. Dist. LEXIS 95583, *6 (E.D. Tex. Feb. 17, 2016)............ 7, 12

## Statutes

28 U.S.C. § 1331 ..................................................................................... 4
28 U.S.C. § 1338 ..................................................................................... 4
28 U.S.C. § 1367 ..................................................................................... 4
28 U.S.C. § 1391 ................................................................................. 5, 11
28 U.S.C. § 1391(b) .................................................................................. 7
28 U.S.C. § 1391(b)(1) ............................................................................. 11
28 U.S.C. § 1391(c) ............................................................................ 5, 7, 11
28 U.S.C. § 1400(a) ...................................................................... 5, 7, 9, 10, 11, 12
28 U.S.C. § 1400(b) .................................................................................. 9
28 U.S.C. § 1404(a) ...................................................................... 1, 4, 6, 13, 15, 18
28 U.S.C. § 1406(a) .......................................................................... 1, 4, 6, 12

## Rules

Fed. R. Civ. P. 12(b)(1) .............................................................................. 4
Fed. R. Civ. P. 12(b)(2) ........................................................................... 4, 6
Fed. R. Civ. P. 12(b)(3) ...................................................................... 1, 4, 6, 11
Fed. R. Civ. P. 12(b)(6) .............................................................................. 4
Fed. R. Civ. P. 12(h)(1) .............................................................................. 6

Plaintiffs Zelma Loeb-Defever and Loeb Architects, LLC file their Response to Defendants' Joint Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer (the "Joint Motion") (Dkt. #62) and would respectfully show to the Court that the Joint Motion should be denied.

## SUMMARY OF THE MOTION AND PLAINTIFFS' RESPONSE

Plaintiffs filed suit in this Court alleging copyright infringement, breach of contract and tortious interference against numerous defendants involved in the development, construction and operation of a senior living project that the defendants copied from Plaintiff Loeb's original design. Defendants move to dismiss for improper venue, but they did not move to dismiss for lack of personal jurisdiction. Defendants are subject to personal jurisdiction in this Court and in this District, and have waived the Rule 12(b)(3) motion to dismiss for improper venue and their motion to transfer under 28 U.S.C. §1406(a).

Defendants also move to transfer this case to the Southern District of Texas under 28 U.S.C. §1404(a). Their motion is almost devoid of argument or references to evidence. The private and public factors weigh against transfer. Defendants' Joint Motion should be denied.

## BACKGROUND

### I.     Factual Background

Plaintiff Zelma Loeb-Defever is a Texas architect. She practices as Loeb Architects, LLC. For many years she and Loeb Architects ("Plaintiffs") have designed senior living projects (Dkt. #1, p. 16, ¶ 49).

In 2010 and 2011, Plaintiffs agreed to two written contracts with Padua Realty (an assumed name of Defendant Mako LLC) to prepare designs for an assisted living and memory care facility and an independent living and cottages project to be located in Conroe, Texas (Dkt. #1, pp. 16-18,

¶¶ 50-53). Plaintiffs prepared and delivered the designs, but Padua Realty stopped communicating with Plaintiffs (Dkt. #1, p. 18, ¶¶ 54-55). Padua Realty and a contractor known as "FCI" had agreed to give Plaintiffs' designs to another architect (Dkt. #1, p. 18, ¶ 56).

Loeb-Defever registered these designs with the United States Copyright Office under the title "Woodhaven Assisted Living, Independent Living and Cottages." The Copyright Office issued a Certificate of Copyright Registration for the designs, as architectural works, Number V Au-1-212-071, with an effective date of December 16, 2013 (Dkt. #1, pp. 18-19, ¶¶ 58-59).

At some time before December 5, 2013, Padua Realty gave Plaintiffs' designs to Defendant Ted Trout Architect & Associates, Ltd. Padua Realty did not inform Plaintiffs of this and did not have Plaintiffs' permission to do so. Trout copied Plaintiffs' design (Dkt. #1, p. 19-20, ¶¶ 60-61). On December 5, 2013, Defendant Sovereign Builders Group, Ltd applied for a building permit for 18 buildings and 157 units to be built in Conroe. (Dkt. #1, p. 20, ¶ 62).

In 2014, the Propero Defendants purchased nine acres from Whitson Etheridge so that they could build the assisted living and independent living portions of the Woodhaven project. From 2015 to 2017, Strategic Construction built the project. It opened in 2017 and the Propero Defendants rented the units, which were infringing copies of Plaintiffs' designs. (Dkt. #1, pp. 21-23, ¶¶ 65-71).

In 2016, Defendant Woodhaven Inmobilia sold two acres adjacent to the Woodhaven facility to Defendant Woodhaven Cottages. Woodhaven Cottages built cottages based on Trout's infringing design. (Dkt. #1, pp. 23-24, ¶¶ 72-75).

In May 2018, the Propero Defendants sold the assisted living and independent living facility to Defendant Texas Senior Living Operator, LLC ("Operator"). Operator also bought the cottages from Woodhaven Cottages. From May 2018 to July 2019, Operator the infringing units

(Dkt. #1, pp. 24-25, ¶¶ 76-78). In July 2019, Operator sold the entire project to the CPF Defendants. With Grace Management, Inc. managing the project for them, the CPF Defendants have rented the infringing units. (Dkt. #1, pp. 25-26, ¶¶ 79-81).

Padua Realty breached the two agreements with Loeb Architects in its dealings with the other Defendants. These breaches involved contract rights that were in addition to Plaintiff Loeb's rights as a copyright owner. The result is that Loeb Architects' claim for breach of contract is not preempted by the Copyright Act. (Dkt. #1, p. 20, ¶ 63, p. 25, ¶ 78). In addition, the other Defendants tortuously interfered with the two agreements and tortuously interfered with the future business relationships between Loeb Architects and Padua Realty. (Dkt. #1, p. 26, ¶ 82).

Plaintiff Loeb-Defever now sues for copyright infringement and violation of the Digital Millennium Copyright Act (Dkt. #1, pp. 27-28, Counts 1 and 2, ¶¶ 84-97). Plaintiff Loeb Architects sues for breach of contract and tortious interference (Dkt. #1, pp. 29-31, Counts 3, 4 and 5, ¶¶ 98-117). All of these claims arise out of Defendants' design, development, construction, operation, rentals and sales of the Woodhaven Village project.

## II.   Procedural History

On July 31, 2019, Plaintiffs Zelma Loeb-Defever ("Loeb") and Loeb Architects, LLC ("Loeb Architects") filed their complaint against Defendants. The complaint alleges that all of the Defendants have infringed Loeb's copyrights in the design of a senior living project and have breached or interfered with Loeb Architects' contracts for the design of the project. All of these claims arise out of the Defendants' design, development, construction, sale and rental of the same senior living project, which is located in Conroe, Texas.

On August 22 and 23, 2019, all of the Defendants who join in the Joint Motion filed applications for extensions of time "to Answer or Otherwise Respond" to the Complaint (Dkt. #33-

60). Plaintiffs did not oppose these applications and they were all granted, extending the response date for Defendants to September 20, 2019 (Dkt. text entries dated Aug. 22 and 23, 2019).

On September 20, 2019, Defendants all filed a single "Joint Motion" (Dkt. #62). The Joint Motion is limited to a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) and an alternative motion to transfer venue pursuant to 28 U.S.C. § 1406(a) or § 1404(a). Defendants have not filed any other motions under Rule 12; in particular, they have not moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), for lack of personal jurisdiction under Rule 12(b)(2), or for failure to state a claim under Rule 12(b)(6). The time for any additional motions under Rule 12 has passed.

## LEGAL STANDARDS

This Court knows the legal standards that apply to the Joint Motion. Barely a month ago, the Court set them out in *Vine Oil & Gas LP v. Indigo Minerals, LLC*, Civil Action No. 4:19-CV-00346, 2019 U.S. Dist. LEXIS 148185 (E.D. Tex. 2019). Rather than repeat them here, Plaintiffs will refer to applicable rules and cases where they are pertinent to the argument below.

## ARGUMENT AND AUTHORITIES

I.   **Venue Is Proper in this District and the Rule 12(b)(3) and § 1406(a) Motions Should be Denied.**

In this action, Plaintiffs bring claims arising under the Copyright Act, 17 U.S.C. § 101, *et seq.* (Dkt. #1, pp. 1, 14, 27-29, ¶¶ 1, 42, 84-97), and claims for breach of contract and tortious interference under Texas law (Dkt. #1, pp. 1, 14, 29-31, ¶¶ 1, 42, 98-117). Plaintiffs allege that the Court has subject matter jurisdiction of the claims under the Copyright Act under 28 U.S.C. §1331 and § 1338, and that the Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367. Defendants have not moved to dismiss any of Plaintiffs' claims for lack of subject matter jurisdiction or for failure to state a claim. For purposes of the Joint Motion, the Court should take

as true that Plaintiffs have stated all of their claims and that the Court has subject matter jurisdiction of them.

A.      **Venue of Plaintiffs' Claims Under the Copyright Act is Proper in this District.**

Venue of Plaintiffs' claims under the Copyright Act is governed by 28 U.S.C. § 1400(a). Section 1400(a) states:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

28 U.S.C. § 1400(a).

The Fifth Circuit holds that the term "may be found" in § 1400(a) means, at a minimum, wherever the defendant is doing business. In *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966), the Fifth Circuit held that held that § 1400(a) governed venue in copyright cases, rather than the "more restrictive" general venue statute, 28 U.S.C. § 1391(c).  It explained the reach of § 1400(a) by first noting that the defendant was subject to service of process in Louisiana and venue would have been proper under § 1391(c) because it was "doing business" there. *Id.* at 697. Based on the history of the "may be found" term in federal venue statutes, it held that the defendant was subject to venue under § 1400(a) because it was doing business in Louisiana for purposes of the more restrictive test in § 1391(c). *Id.* at 697-98.

Defendants use the bulk of their Joint Motion to argue that none of them is subject to personal jurisdiction, but they have not moved to dismiss for lack of personal jurisdiction and have waived their motion to dismiss for improper venue. They have been served, they are subject to personal jurisdiction in this Court and this District, and venue is proper under both § 1391 and the less restrictive § 1400(a).

1.   **No Defendant Moved to Dismiss for Lack of Personal Jurisdiction, So All Defendants Are Subject to Personal Jurisdiction in this Court and in this District.**

As Plaintiffs have shown in the Procedural History, above, Defendants obtained extensions of time through September 20, 2019 to answer or otherwise respond to Plaintiffs' Complaint. On September 20, 2019, Defendants filed their Joint Motion (Dkt. #62). They moved to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) and moved to transfer venue pursuant to 28 U.S.C. § 1406(a) or § 1404(a). Defendants did not move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). The time for them to file such a motion has passed.

Because no Defendant has challenged this Court's personal jurisdiction in a motion under Rule 12(b)(2), any personal jurisdiction defense has been waived. All Defendants have submitted to the jurisdiction of this Court. Judge Heartfield explained this in *Knapper v. Safety Kleen Sys.*, No. 9:08-CV-84, 2009 U.S. Dist. LEXIS 30118 (E.D. Tex. April 3, 2009):

> Each defendant in this case has filed an answer to Plaintiffs' complaint. However, no defendant challenged this Court's personal jurisdiction in its answer, in a separate motion under Rule 12(b)(2), or in any other fashion. Therefore, any personal jurisdiction defense has been waived. Fed. R. Civ. P. 12(h)(1); *Adams v. Unione Mediterranea Di Sicurta,* 220 F.3d 659, 667 (5th Cir. 2004); *Broad. Music, Inc. v. M.T.S. Enters., Inc.,* 811 F.2d 278 (5th Cir. 1987); *Cactus Pipe & Supply Co. v. M/V Montmartre,* 756 F.2d 1103, 1107-08 (5th Cir. 1985). All defendants have submitted to the jurisdiction of this Court. With their submission, the improper venue analysis ends. *Mid-West Materials, Inc. v. Tougher Indus.,* 484 F. Supp. 2d 726, 733-34 (N.D. Ohio 2007) (citing *Centerville ALF, Inc. v. Balanced Care Corp.,* 197 F. Supp. 2d 1039, 1047-49 (S.D. Ohio 2002) (defendant who did not challenge personal jurisdiction was deemed to reside in the district for venue purposes)); *KMR Capital, L.L.C. v. Bronco Energy Fund, Inc.,* 2006 U.S. Dist. LEXIS 86240, at *20 (W.D. Tex. July 11, 2006) (citing numerous cases for the proposition that because defendant waived personal jurisdiction defense, it resided in the district, and venue was proper). Because all of the defendants are subject to personal jurisdiction in the Eastern District of Texas, they are all deemed to reside here--and venue is therefore proper.

*Id.* at *9-10. *See also Vomastek v. AXA Equitable Life Ins. Co.*, No. 5:15-cv-50, 2016 U.S. Dist. LEXIS 95583, *6 (E.D. Tex. Feb. 17, 2016). This result is not limited to the Eastern District of Texas. The *KMR Capital v. Bronco Energy* opinion from the Western District of Texas collected cases from courts around the country holding that failure to move to dismiss for lack of personal jurisdiction waived a Rule 12(b)(3) motion to dismiss for improper venue. 2006 U.S. Dist. LEXIS 86240, at *20, n. 69.

In both *Knapper* and *Vomastek*, venue was based on where the corporate defendants resided under 28 U.S.C. § 1391(b). Under that section, a business entity is deemed to reside in any district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c); *see also Vomastek* at *6 and *Knapper* at * 7-8. If a defendant is subject to venue in this District under § 1391(c), then it "may be found" in this District under the less restrictive requirements of § 1400(a). *Time, Inc. v. Manning*, 366 F.2d at 697-98. All Defendants "may be found" in the Eastern District of Texas, and venue of Plaintiffs' copyright claims is proper here.

### 2.     Even Without Defendants' Waiver, this Court Has Venue Over the Copyright Claims Against All Defendants.

Venue of Plaintiffs' copyright claims was proper in this District when Plaintiffs filed suit and before Defendants simplified the issue by consenting to personal jurisdiction in this Court. Three of the Defendants "may be found" in this District because they do business here, and all of Plaintiffs' copyright claims against all of the Defendants arise from their actions involving the same senior living project, Woodhaven Village.

### a.     *Three Defendants do Business, and May be Found, in this District.*

Plaintiffs allege that three Defendants—Strategic Construction, Ltd., Ted Trout Architect & Associates, Ltd. and Grace Management, Inc.—"do business in and may be found in this

District" (Dkt. #1, p. 15, ¶ 46). Each of these Defendants is subject to personal jurisdiction in this District, and thus "may be found" here.

Plaintiffs allege that this Court has personal jurisdiction of Strategic Construction because, as an entity, it is organized under Texas law" (Dkt. #1, p. 14, ¶ 43). Specifically, Plaintiffs allege that "Strategic Construction is a limited partnership organized under the laws of the State of Texas," that it maintains an office in this District in Plano, and that it filed two certificates of assumed name with the Texas Secretary of State  that "its business or professional services are to be conducted under the assumed name *in all counties of Texas*"(Dkt. #1, p. 4, ¶ 7; Plaintiffs' Exhibits A and B). Defendants admit that Strategic Construction is a Texas limited partnership and that it had an office in Plano when this suit was filed (Dkt. #62, pp. 16-17, ¶ 35; Dkt. #62-1, Exhibit 1, ¶¶ 8-9). They have not denied that the assumed name certificates state that Strategic Construction will do business "in all counties of Texas." The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Vine Oil & Gas v. Indigo Minerals,* 2019 U.S. Dist. LEXIS 148185 at *8. Defendants admit that Strategic Construction has done $45.7 million worth of construction projects in this District (Dkt. #62, pp. 16-17, ¶ 35; Dkt. #62-1, Exhibit 1, ¶ 11).

As to Trout, Plaintiffs allege that this Court has personal jurisdiction because, "as an entity, it is organized under Texas law" (Dkt. #1, p. 14, ¶ 43). Specifically, Plaintiffs allege that Trout "is a limited partnership organized under the laws of the State of Texas" (Dkt. #1, p. 8, ¶ 23), which Trout admits (Dkt. #62-2, Exhibit 2, ¶ 3). Plaintiffs allege that Trout does business in this District (Dkt. #1, p. 15, ¶ 46), which Trout has not denied. This allegation is therefore true for purposes of the Joint Motion. *Vine Oil & Gas v. Indigo Minerals,* 2019 U.S. Dist. LEXIS 148185 at *8. In fact, Trout has answered a lawsuit in this Court and admitted that it designed an apartment complex in

Denison, which is in this District. (Plaintiffs' Exhibits C and D are the third-party complaint and Trout's answer in *Bowman v. GV Multi-Family, LLC, et al.*, No. 4:18-cv-00243-ALM, in the United States District Court for the Eastern District of Texas, Sherman Division, Dkt. #17, ¶ 1 [apartments in Denison] and Dkt. #24, p. 2, ¶ 1 and p. 4, ¶ 3 [admitting apartments are in Denison and asserting that design complied with all codes, laws and ordinances].

As to Grace, Plaintiffs allege that this Court has personal jurisdiction because, "as an entity, it is organized under Texas law" (Dkt. #1, p. 14, ¶ 43). Specifically, Plaintiffs allege that Grace is a corporation organized under the laws of the State of Texas" (Dkt. #1, p. 13, ¶ 41), which Grace admits (Dkt. #62-5, Exhibit 5, ¶ 2). Plaintiffs allege that Grace does business in this District (Dkt. #1, p. 15, ¶ 46), and Grace admits that it manages a facility called Collier Park in Beaumont (Dkt. #62-5, Exhibit 5, ¶ 4).

Defendants make three arguments that the foregoing activities do not mean that these three Defendants "may be found" in the Eastern District. First, they recite recent opinions in patent cases that apply the patent venue statute, 28 U.S.C. § 1400(b). They do not cite *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), but their authorities rely on it and they obliquely refer to it in a footnote (Joint Motion, pp. 4-5, ¶ 9 and n. 5). This Court, however, has analyzed whether *TC Heartland* applies to copyright cases, and has correctly concluded that it does not. *Andra Group, LP v. Bareweb, Inc.*, Civil Action No. 4:17-CV-00815, 2018 U.S. Dist. LEXIS 97378, *17-18, n. 2 (E.D. Tex. June 11, 2018). Section 1400(a) and § 1400(b) are different provisions and the Defendants' cases applying the patent provision have no bearing on venue for Plaintiffs' claims in this case under the Copyright Act.

Defendants also argue that their business in this District cannot be the basis for venue under § 1400(a) unless the same activities were directly related to Plaintiffs' claims (Joint Motion, pp. 6-

8, ¶¶ 12-14). *Time, Inc. v. Manning* holds otherwise: by doing business in this District, Strategic Construction, Trout and Grace "may be found" here and venue is proper under § 1400(a). 366 F.2d at 697-98.  Defendants acknowledge that *Time, Inc. v. Manning* is the governing precedent in the Fifth Circuit (Joint Motion, p. 3, ¶ 7).

Last, Defendants argue that Strategic Construction no longer has an office in this District, because it "relocated" its Dallas/Fort Worth office from Plano to Richardson "effective August 28, 2019" (Joint Motion, pp. 16-17, ¶ 35; Dkt. #62-6, Exhibit 6, ¶ 8). Defendants do not explain why the relocation just happened to occur after this lawsuit was filed, but it is a reasonable inference that the move was intended to eliminate a basis for venue here.

When other defendants have tried this, it did not work. In *Godo Kaisha Ip Bridge v. Intel Corp.*, No. 2:17-CV-00676, 2018 U.S. Dist. LEXIS 221582 (E.D. Tex. Aug. 29, 2018), the plaintiff sued Intel in this District, based in part on the presence of Intel offices in Plano and Richardson. *Id.* at *3. Intel showed that it sold the Plano office before suit was filed. It moved the Richardson operations to Dallas three months after the suit was filed. *Id.* at *4. The court held that this did not change the venue facts, because they are "based on the situation which existed when suit was instituted." *Id.* at *7-9, citing *In re EMC Corp.*, 501 Fed. App'x 973, 976 (Fed. Cir. 2013), quoting *Hoffman v. Blaski,* 363 U.S. 335, 343 (1960). Moving Strategic Construction's office after this suit was filed did not change the venue facts. For purposes of the Joint Motion, Strategic has an office in this District, it is doing business here, and it "may be found" here.

### b.    The Court has Pendent Venue of Plaintiffs' Copyright Claims Against All Other Defendants.

Once venue of Plaintiffs' claims under the Copyright Act is proper as to any Defendant, the Court has pendent venue of the claims against other Defendants if the claims arise out of a common nucleus of operative fact. *Halcyon Biomedical, Inc. v. Glatt Air Techniques, Inc.*, No. H-19-690,

2019 U.S. Dist. LEXIS 97020, *20 (S.D. Tex. June 10, 2019). Plaintiffs alleged that venue lies in this District under the doctrine of pendent venue because all of Plaintiffs' claims arise out of a common nucleus of operative facts (Dkt. #1, p. 16, ¶ 48). Defendants argue that this doctrine does not apply because venue is not proper against any Defendant here (Joint Motion, p. 19, ¶¶ 40-41). Because venue is proper against Strategic Construction, Trout and Grace, this Court has pendent venue of all other Defendants.

**B.     Venue of Plaintiffs' State Law Claims Is Proper in this District.**

Venue of Plaintiffs' claims for breach of contract and tortious interference lies in this District under the general venue statute, 28 U.S.C. § 1391. Plaintiffs allege that venue of the state law claims is proper in this District under § 1391(b)(1) because Strategic Construction resides in this District and all other Defendants are deemed to reside in Texas because all are subject to personal jurisdiction in Texas (Dkt. #1, p. 15, ¶ 47). Defendants disagree, claiming that the copyright venue provision, 28 U.S.C. § 1400(a) is Plaintiffs' only basis for venue (Joint Motion, pp. 18-19, ¶ 39). Defendants thus depend entirely on their argument that they are not subject to personal jurisdiction in this Court.

**1.     No Defendant Moved to Dismiss for Lack of Subject Matter or Personal Jurisdiction, So All Defendants Are Subject to Personal Jurisdiction in this Court and in this District.**

For the same reason that Defendants have waived their Rule 12 (b)(3) motion as it applies to copyright venue, they have waived it as to the general venue statute. No Defendant has challenged this Court's personal jurisdiction in a motion under Rule 12(b)(2), any personal jurisdiction defense has been waived, and all Defendants have submitted to the jurisdiction of this Court. All are deemed to reside in this District. 28 U.S.C. § 1391(c). Their Rule 12(b)(3) motion as to venue under 28 U.S.C. § 1391 should be denied. *Knapper v. Safety Kleen,* 2009 U.S. Dist.

LEXIS 30118 at*9-10; *Vomastek v. AXA Equitable Life Ins. Co.*, 2016 U.S. Dist. LEXIS 95583 at *6.

### 2.   Pendent Venue Lies in this District Over Plaintiffs' Claims for Breach of Contract and Tortious Interference.

In addition, the doctrine of pendent venue means that the state law claims belong in this District. Plaintiffs allege that all of their claims arise under a common nucleus of operative facts (Dkt. #1, p. 16, ¶ 48). Plaintiffs' Complaint alleges that all claims against all Defendants arise out of the design, development, construction, operation, sales and rentals of the Woodhaven Village project (Dkt. #1, pp. 16-31, ¶¶ 49-117). Defendants have not denied or controverted this, and regardless, the Court should take it as true.

When venue is proper as to a copyright claim, the court also has pendent venue of state law claims arising out of a common nucleus of operative facts. *Andra Group v. Bareweb,* 2018 U.S. Dist. LEXIS 97378 at *18-19. *See also Shippitsa Ltd. v. Slack*, Civil Action No. 3:18-CV-1036-D, 2019 U.S. Dist. LEXIS 121994, *19-20 (N.D. Tex. July 23, 2019) (Proper venue of Lanham Act claim under § 1400(a) allowed pendent venue of state law claims).

### C.   Plaintiffs Have Shown that Venue Is Proper in this District, and the Court Should Deny Defendants' Rule 12(b)(3) Motion and Their § 1406(a) Motion to Transfer.

Plaintiffs have sustained their burden of establishing that venue of this case is proper in the Eastern District of Texas. *See Vine Oil & Gas v. Indigo Minerals,* 2019 U.S. Dist. LEXIS 148185 at *8. Defendants' motion to dismiss under Rule 12(b)(3) should be denied. Because this case has not been filed in the wrong district, Defendants' motion to transfer under 28 U.S.C. § 1406(a) should also be denied.

## II.    Defendants Have Not Met Their Burden to Show that the Case Should be Transferred to the Southern District of Texas.

Defendants make their § 1404(a) motion to transfer almost as an afterthought. They make a cursory argument that only refers generally to any evidence. Their burden is a heavy one that they have not carried.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). Once the movant shows that the case could have been brought in the movant's preferred forum, (which Plaintiffs do not dispute), courts analyze both private and public factors relating to the convenience of parties and witnesses, as well as the interests of the venues in hearing the case. *Elbit Sys. Land & C4i Ltd. v. Hughes Network Sys. LLC*, No. 2:15-CV-00037, 2017 U.S. Dist. LEXIS 136479, *15 (E.D. Tex. July 19, 2017).

The defendant must prove that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen of America Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). This standard places a "significant burden on the [defendant] to show good cause for the transfer." *Id.* at 314 n.10. The Fifth Circuit requires the Court to examine four "private factors" and three "public factors" in deciding whether to transfer a case. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The private and public factors "are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F. 3d at 314-15. There is a strong presumption in favor of a plaintiff's choice of his or her home venue, "which may be overcome only when the private and public factors clearly point towards trial in the alternative forum." *Vine Oil & Gas v. Indigo Minerals,* 2019 U.S. Dist. LEXIS 148185 at *9.

13

## A.     The Private Factors

The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. These private factors favor venue in the Eastern District of Texas.

### 1.     Ease of Access to Sources of Proof

The first private factor, the relative ease of access to sources of proof, weighs against transfer. Defendants' entire argument on this factor is in a single sentence: "All of Defendants' paper and electronic documents in Texas potentially relevant to this case are located in Houston, Texas." Motion at p. 22, ¶ 51. This carefully crafted line is not enough to sustain Defendants' heavy burden. It completely ignores the relative access to witnesses and is limited to documents "in Texas." Plaintiff Loeb operates a small business only 53 miles from the Court and will be seriously inconvenienced if she has to attend a trial in Houston for several weeks. In contrast, Defendants' evidence is conclusory and irrelevant, and should be given no weight. But even if Defendants' conclusory statements are taken at face value, it shows that their witnesses and documents are in varied locations in at least four states, so that their "convenience" evidence is at best neutral.

#### a.     *As a Small Business and its Owner, Plaintiffs Will Be Inconvenienced by a Trial in Houston.*

Plaintiff Loeb will be a critical witness for Plaintiffs at trial. She is the author of the registered work at issue and the only person who acted on behalf of Loeb Architects in all dealings with the Padua Defendants to create the work that they and the other Defendants have copied. Plaintiffs are located at 1705 Brookview in Carrolton, Texas. This is 53 miles from this Court in Sherman. Based on an estimated two to three-week trial, Plaintiff Loeb states:

14

      2.     My business operation is a smaller specialty type firm with a very hands-on approach from myself that my Clients expect and appreciate. A two to three-week trial in Houston would be a great inconvenience for me and my projects as I would be unable to be in my actual office at all during this period, other than weekends possibly. However, if the trial were to be in Sherman, I could make the daily commute.

      3.     Further, the hard files of the plans, drawings, etc. related to this case are either at my office or lead counsel for Plaintiff's Dallas office.

Plaintiffs' Exhibit E, Declaration of Zelma Loeb-Defever. In *Rossco Holdings, Inc. v. Best Western Int'l, Inc.*, No. H-06-0155, 2006 U.S. Dist. LEXIS 31646, (S.D. Tex. Apr. 18, 2006), the plaintiff argued

      that Texas is a more convenient forum than Arizona, citing the location of witnesses and property in Texas, as well as potential hardship to it as a small business of litigating in Arizona, where it has no business presence.

*Id.* at *9-10. The court denied a § 1404(a) transfer based on this factor alone, because the defendant offered no evidence other than the existence of a forum selection clause. In this District, the burden on a small business has also been accorded some weight in the convenience analysis. *Oasis Research, LLC v. Pro Softnet Corp.*, No. 4:12-CV-531, 2012 U.S. Dist. LEXIS 118019, *1-12 (E.D. Tex. Aug. 21, 2012) (denying transfer, but holding that burden of trial in Texas on a California small business weighed slightly in favor of transfer to California).

"The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998). Plaintiff's evidence of an important witness with key documents close to the courthouse in this District outweighs the conclusory, unidentified and irrelevant evidence of Defendants.

  **b.**   *Defendants' Evidence that their Sources of Proof Are in Varied Locations Is, at Best, Neutral.*

  Defendants make generic allegations that their witnesses and documents are located in their respective principal offices. Plaintiffs will show below that these statements are conclusory and irrelevant, and thus no evidence at all on the first private factor. If the Court did take Defendants' statements at face value, however, they render Defendants' evidence neutral as to the relative access to sources of proof.

  When sources of proof originate from varied locations, the convenience factor is neutral. *Knapper v. Safety-Kleen*,  2009 U.S. Dist. LEXIS at * 18-19; *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 870 (E.D. Tex. 2012); *Perritt v. Jenkins*, No. 4:11-CV-23, 2011 U.S. Dist. LEXIS 89614, *8-9 (E.D. Tex. July 18, 2011), opinion adopted, 2011 U.S. Dist. LEXIS 89243 (E.D. Tex. Aug. 10, 2011).

  This is the case here. Defendants say that their witnesses and documents are spread across four different states. Several of the Defendant groups claim that their witnesses and documents are in Houston or the "greater Houston area" (Dkt. #62-1, Exhibit 1, ¶¶ 18-24 [Padua Defendants]; Dkt. #62-2, Exhibit 2, ¶ 6 [Trout]; Dkt. #62-6, Exhibit 6, ¶ 19 [Construction Defendants]; Dkt. #62-7, Exhibit 7, ¶ 13 [Sovereign, Applied and FCI Holdings]). The Propero Defendants say that their witnesses and documents are in Ohio (Dkt. #62-3, Exhibit 3, ¶ 7). The CPF Defendants say that their witnesses and documents are in Illinois (Dkt. #62-4, Exhibit 4, ¶ 7). Grace says that its witnesses and documents are in Minnesota (Dkt. #62-5, Exhibit 5, ¶ 5).

  Their own exhibits defeat Defendants' claim that Houston is a more convenient venue. In *Knapper v. Safety Kleen*, the defendants sought a transfer from Lufkin to Houston. Judge Heartfield noted that the defendants' offices were in Plano, Pennsylvania, North Carolina, Indiana and Ohio, and that "every defendant's corporate office is closer to Lufkin than it is to Houston.

2009 U.S. Dist. LEXIS at * 18-19 and n. 5. He concluded: "more importantly, the fact that these sources of proof are not in a centralized geographic location makes access to them from Lufkin or Houston equally inconvenient," and rendered the convenience factor neutral. *Id.* at *19-20.

The same holds true in this case for the Propero, CPF and Grace Defendants. Ohio, Illinois and Minnesota are each closer to Sherman than they are to Houston. The sources of proof in this case are in four different states and five different districts, not in a single centralized geographic location. Defendants' evidence is at best neutral on the first private interest factor.

### c.    Defendants' Evidence Is Conclusory and Irrelevant.

First, four of the Defendant groups generally allege that witnesses are in the Southern District of Texas, but they do not adequately describe the witnesses, their testimony or whether they will have to be personally present at trial. The Padua Defendants state that "all witnesses associated with the Padua Defendants are located in the Houston metropolitan area…" (Dkt. #62-1, Exhibit 1, ¶ 18). They also list five individual non-party witnesses and Conroe government officials (*Id.* at ¶¶ 19-25). They do not describe the testimony of any of these party or non-party witnesses. They do not say whether any witness will be required at trial rather than potentially presented by deposition.

This is no evidence. *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d at 871 ("Defendants have identified no specific witnesses that will be required to testify on their behalf.") "[T]he moving party must offer more than mere allegations that certain key witnesses are not available or are inconveniently located," and "must specifically identify the key witnesses and outline their testimony." *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d at 1060 (citation omitted). "Vague generalizations and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are an insufficient basis upon which to grant a

change of venue under § 1404(a)." *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 209-10 (S.D.N.Y. 1998), citing *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

Other Defendants' evidence about other Houston-area witnesses shares these problems. Trout says: "All potential witnesses associated with Trout are located in the greater Houston metropolitan area…" (Dkt. #62-2, Exhibit 2, ¶ 6). Trout names three current or former employees. *Id.* The Construction Defendants say only: "All witnesses associated with these entities are located in the Houston area." (Dkt. #62-6, Exhibit 6, ¶ 19). Timothy Dixon, for Sovereign Builders Group, Ltd., Applied Architectural Products, Inc. and FCI Multi-Family Holdings, LLC also says (in words identical to the Construction Defendants):  "All witnesses associated with these entities are located in the Houston area." (Dkt. #62-7, Exhibit 7, ¶ 13). None of these three groups of Defendants describe the testimony of any of their witnesses or say whether any witness will be required at trial rather than potentially presented by deposition.

Likewise, all of these Defendants only make conclusory statements that their documents are in the Houston area (Dkt. #62-1, Exhibit 1, ¶ 18 [Padua Defendants]; Dkt. #62-2, Exhibit 2, ¶ 5 [Trout]; Dkt. #62-6, Exhibit 6, ¶ 19 [Construction Defendants]; Dkt. #62-7, Exhibit 7, ¶ 13 [Sovereign, Applied and FCI Holdings]). As with "convenience of witnesses," venue arguments based on the location of documents require at least some level of detail. *NBA Properties, Inc. v. Salvino, Inc.*, No. 99 Civ. 11799 (AGS), 2000 U.S. Dist. LEXIS 3799, *23 (S.D.N.Y. Mar. 27, 2000) (collecting cases); *Pall Corp. v. PTI Techs.*, 992 F. Supp. 196, 200 (E.D.N.Y. 1998) ("While the defendant argues that PTI's relevant 'documents' are located in California, it did not supply a supporting affidavit detailing the nature, extent, volume, or relevance of these 'documents.'")

Defendants' failure to identify or describe the Houston-area documents is no evidence on the first private factor.

### 2.    Process, Cost of Attendance and Other Factors.

The remaining private factors are: "(2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. Defendants assume that their conclusory declarations about Houston-area witnesses swing these factors in their favor (Joint Motion, pp. 23-24, ¶¶52-56). As Plaintiffs have shown, they do not say which witnesses will have to be present at trial. *Orb Factory*, 6 F. Supp. 2d at 210. They also do not identify which witnesses will have to be subpoenaed or which witnesses will be "willing." They do not offer a single example of how far any particular witness may actually have to travel or how much the travel will actually cost.

In *C&J Spec Rent Services v. Leam Drilling Sys. LLC*, No. 2:19-cv-00079, 2019 U.S. Dist. LEXIS 114010 (E.D. Tex. July 10, 2019), the underlying claims arose from a lawsuit that was tried in Montgomery County, and the bulk of the witnesses and documents were in Conroe and Houston. Unlike Defendants here, the defendants in that case actually identified specific witnesses and offered some details about them. *Id.* at *6-13. The court still denied a motion to transfer the case from Marshall to the Southern District of Texas. *Id.* at * 16. Defendants' general argument that the Woodhaven Village project is in Conroe and that witnesses and documents are in Conroe and Houston is much weaker. It deserves no weight.

### 3.    The Private Factors Weigh Against Transfer

Taken together, the private factors do not support transfer of this case to the Southern District of Texas. There is an important witness—Plaintiff Loeb-- who resides and does business

adjacent to this District and only 53 miles from the Court. In contrast, Defendants' unspecified witnesses and documents, even if their conclusory statements are credited, are in four states and five districts. When evidence of sources of proof originate from such varied locations, the evidence on the convenience factor is neutral. Further, "a case should not be transferred if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Goodman Co. v. A & H Supply, Inc.*, 396 F. Supp. 2d 766, 776 (S.D. Tex. 2005). Defendants have not shown why they are entitled to "shift inconvenience from the moving party to the nonmoving party" here.

**B.    The Public Factors**

The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws. *Volkswagen II*, 545 F.3d at 315. Defendants address them in less than a page (Joint Motion, p. 25, ¶¶ 57-58). These factors do not support transfer.

Defendants argue that factors (1), (3) and (4) are neutral. Plaintiffs agree as to factors (3) and (4). The first factor, however, weighs against transfer in a major respect. Cases like this are more likely to go to trial in the Eastern District than in the Southern District.

The only factor that Defendants address is the second, " the local interest in having localized interests decided at home." They make a two-sentence argument that the "this lawsuit arises from alleged acts and omissions that occurred exclusively within Houston and the surrounding areas, such as Conroe, Texas." (Joint Motion, p. 25, ¶ 58). They offer no authority for this, probably because there is none.

Courts have found a localized interest where the injury to the plaintiff occurred. *See, e.g.*, *Vine Oil & Gas v. Indigo Minerals,* 2019 U.S. Dist. LEXIS 148185 at *15. It does not follow that

there is a localized interest in the place where wrongdoers committed the acts that injured the plaintiff. Houston may have been the home of some of the biggest fraud artists in history, such as Enron or Allen Stanford, but this does not mean that Houston has a localized interest in copyright infringement, breach of contract or tortious interference.

This case is more likely to go to trial in this District than in the Southern District of Texas. All of the other public factors are neutral. The public factors thus do dot support transfer.

     **C.**     **This Case Should Not Be Transferred.**

Both the private factors and the public factors weigh against transfer. Defendants have not carried the "significant burden … to show good cause for the transfer." *Volkswagen II*, 545 F. 3d at 314.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Zelma Loeb-Defever and Loeb Architects, LLC pray that Defendants' Joint Motion to Dismiss for Improper Venue, or, in the Alternative, Motion to Transfer be denied.

21

Respectfully submitted,

*/s/ Timothy Micah Dortch*
**TIMOTHY MICAH DORTCH**
State Bar No. 24044981
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd, Suite 1000
Dallas, Texas 75219
Tel:  (214) 396-9427
Fax: (469) 217-8296
mdortch@potts-law.com

Patrick Zummo
State Bar No. 22293450
**LAW OFFICES OF PATRICK ZUMMO**
Two Houston Center
909 Fannin, Suite 3500
Houston, Texas 77010
(713) 651-0590 (Telephone)
(713) 651-0597 (Facsimile)
pzummo@zoomlaw.com

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on October 4, 2019, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(30

*/s/Timothy Micah Dortch*
**TIMOTHY MICAH DORTCH**

22