# EXHIBIT C

**Third Party Complaint
in *Bowman v. GV Multi-Family, LLC, et al.*, No. 4:18-cv-00243-ALM,
in the United States District Court for the Eastern District of Texas, Sherman Division
(August 21, 2018, Dkt. #17)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANA BOWMAN | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00243-ALM |
| | § | |
| GV MULTI-FAMILY, LLC, AND | § | |
| COVENANT DEVELOPMENT, LLC | § | |
|     Defendants | § | |
| | § | |

**DEFENDANT GV MULTI-FAMILY, LLC'S ORIGINAL THIRD-PARTY COMPLAINT AND, ALTERNATIVELY, MOTION FOR JOINDER**

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES GV Multi-Family, LLC ("**Defendant**"), and files its Original Third-Party Complaint and, Alternatively, Motion for Joinder, as follows:

## I. INTRODUCTION

1. Plaintiff, Dana Bowman, filed its action, on April 10, 2018, against Defendants GV Multi-Family, LLC ("GV") and Covenant Development, LLC ("Covenant") alleging, generally, that Defendants have violated the Fair Housing Act ("FHA") by failing to design and construct the Residence at Gateway Village Apartments located at 3415 Southbend Drive, Denison, Texas 75020 (the "Apartments"), "with accessible and adaptable features for people with disabilities."[1]

2. Defendants, GV and Covenant filed its Motion to Dismiss and, in the Alternative, Motion for More Definite Statement[2] on May 8, 2018, to which Plaintiff has filed a Response,[3]

---

[1] Plaintiff's Original Complaint [Doc. 1], at Para. 2.
[2] Doc. 4.
[3] Doc. 8.

**DEFENDANT GV MULTI-FAMILY, LLC'S ORIGINAL THIRD-PARTY COMPLAINT AND, ALTERNATIVELY, MOTION FOR JOINDER**      **PAGE 1 OF 6**

Defendants GV and Covenant have filed a Reply,[4] and Plaintiff has filed a Sur-Reply.[5] The Court has not ruled on the Motion as of the date of this filing.

3. Defendant GV now files this, its Original Third-Party Complaint against the Architect who designed the Apartments, Ted Trout Architects and Associates, Ltd. ("Ted Trout"), and the General Contractor responsible for the construction of the Apartments, Parkcrest Builders, LLC ("Parkcrest"), or, in the alternative, its Motion for Joinder of those same parties, as defendants, pursuant to FED. R. CIV. P. §§ 19 and 20.

## II. JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C § 1331 and 42 U.S.C § 3613(a) and Fed R. Civ. P. 14; and supplemental jurisdiction pursuant to 28 U.S.C § 1367 because all of the claims form part of the same case or controversy.

5. Plaintiff's claims asserted in his Original Complaint and the claims brought herein by Defendants GV and Covenant arose in this judicial district. Venue in this jurisdictional district is proper under 28 U.S.C. 1391(b) and (c) in that the judicial district in which a substantial part of the acts or omissions giving rise to the claims occurred.

## III. PARTIES

6. Plaintiff, Dana Bowman, is an individual who has appeared in this lawsuit.

7. Defendant, GV Multi-Family, LLC, is a Texas limited liability company and has appeared in this lawsuit.

8. Defendant, Covenant Development, LLC, is a Texas limited liability company and has appeared in this lawsuit.

---

[4] Doc. 9.
[5] Doc. 10.

**DEFENDANT GV MULTI-FAMILY, LLC'S ORIGINAL THIRD-PARTY COMPLAINT AND, ALTERNATIVELY, MOTION FOR JOINDER**               **PAGE 2 OF 6**

9.  Third-Party Defendant,[6] Ted Trout Architects and Associated, Ltd., is a Texas limited partnership located at 11111 Katy Freeway, Suite 625, Houston, Texas 77079, and may be served with process by serving its registered agent, Cesar Corrales, at 11111 Katy Freeway, Suite 625, Houston, Texas 77079, or wherever else he may be found.

10. Third-Party Defendant,[7] Parkcrest Builders, LLC, is a Texas limited liability company located at 800 Gessner Rd., Suite 350, Houston, Texas 77024, and may be served with process by serving its registered agent, Harold N May, at 1500 South Dairy Ashford, Suite 325, Houston, Texas 77077, or wherever else he may be found.

### IV. FACTS

11. Defendant GV is the owner of the Apartments.

12. Defendant GV contracted with Third-Party Defendant Ted Trout to design the Apartments and to perform inspections during the construction of the Apartments. Of specific importance to GV in contracting with Ted Trout was to ensure compliance of the Apartments, both in the design and construction, with all applicable laws and ordinances, including, specifically, the FHA. Should it be found that the Apartments are not in compliance with the requirements of the FHA, by design or as constructed, Defendant GV asserts the claim of breach of contract against Ted Trout.

13. Defendant GV also contracted with Third-Party Defendant Parkcrest to construct (and manage the construction) of the Apartments as designed and in compliance with the building plans. Of specific importance to GV in contracting with Parkcrest was to construct the Apartments in compliance with plans and to ensure compliance of the Apartments with all applicable laws and ordinances, including, specifically, the FHA. Should it be found that the Apartments were not

---

[6] Or, alternatively, Defendant.
[7] Or, alternatively, Defendant.

constructed in compliance with the plans and/or the requirements of the FHA, Defendant GV asserts the claim of breach of contract against Parkcrest.

## V.   THIRD-PARTY COMPLAINT

### A.   Claims Against Ted Trout

14.   Pursuant to Fed. R. Civ. P. 14 and 28 U.S.C § 1367, Ted Trout is liable to GV for damage caused by Ted Trout.  A valid and enforceable contract exists between GV and Ted Trout. GV performed, tendered performance, or was excused from performing its obligations under the agreement.  Ted Trout materially and unilaterally breached the agreement if it is determined that the Apartments were not designed and/or constructed in accordance with all laws and standards, including but not limited to the FHA, causing GV to suffer monetary loss as a natural, probable, and foreseeable consequence. GV seeks judgment against Ted Trout for all of its actual damages, consequential damages, pre- and post-judgment interest, court costs, and attorneys' fees.

### B.   Claims Against Parkcrest

15.   Pursuant to Fed. R. Civ. P. 14 and 28 U.S.C § 1367, Parkcrest is liable to GV for damage caused by Parkcrest.  A valid and enforceable contract exists between GV and Parkcrest. GV performed, tendered performance, or was excused from performing its obligations under the agreement.  Parkcrest materially and unilaterally breached the agreement if it is determined that the Apartments were not designed and/or constructed in accordance with all laws and standards, including but not limited to the FHA, causing GV to suffer monetary loss as a natural, probable, and foreseeable consequence. GV seeks judgment against Parkcrest for all of its actual damages, consequential damages, pre- and post-judgment interest, court costs, and attorneys' fees.

## VI.   ALTERNATIVE MOTION FOR JOINDER

16.   Alternatively, Defendant GV moves the Court to Join Ted Trout as the designer and architect of the Apartments and Parkcrest as the general contractor of the Apartments, pursuant to Rule 19, or, alternatively, Rule 20.

17.   Rule 19 mandates that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:"[8] "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:"[9] "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[10] Here, Defendant GV would be subjected to a substantial risk of incurring inconsistent obligations as an existing Defendant.

18.   Additionally, "[w]henever feasible, the persons materially interested in the subject of an action . . . should be joined as parties so that they may be heard and a complete disposition made." Fed. R. Civ. P. 19, Notes of Advisory Committee on Rules—1966 Amendment.

19.   Rule 20 provides that parties "may be joined…as defendants if:[11]…any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and[12] any question of law or fact common to all defendants will arise in the action."[13] Here, the common occurrence and/or transaction is the design and construction of the Apartments. As such, Ted Trout and Parkcrest should be joined as defendants in this action.

---

[8] Fed. R. Civ. P. 19(a)(1).
[9] Fed. R. Civ. P. 19(a)(1)(B).
[10] Fed. R. Civ. P. 19(a)(1)(B)(ii).
[11] Fed. R. Civ. P. 20(a) (2).
[12] Fed. R. Civ. P. 20(a)(2)(A).
[13] Fed. R. Civ. P. 20(a)(2)(B).

## VII. PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant GV prays that this Court enter judgment in its favor, against Ted Trout and Parkcrest, awarding damages and all other relief to which Defendant GV is entitled, both general and special, at law or in equity. Alternatively, Defendant GV requests that Ted Trout and Parkcrest be joined as defendants pursuant to Fed. R. Civ. P. §§ 19 or 20.

Respectfully submitted,

PATEL GAINES, PLLC
2030 N. Loop 1604 W. Suite 200
San Antonio, Texas 78248
www.patelgaines.com
(210) 460-7787 | Telephone
(210) 460-7797 | Facsimile

By: /s/ Grant Gaines
Grant M. Gaines
Texas State Bar No. 24074241
ggaines@patelgaines.com

ATTORNEY FOR DEFENDANTS

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2018, a true and correct copy of the above and foregoing has been transmitted in accordance with the requirements of the FEDERAL RULES OF CIVIL PROCEDURE, addressed as follows:

*Via CM/ECF Filing*
Eric G. Calhoun
CALHOUN & ASSOCIATES
1595 N. Central Expressway
Richardson, Texas 75080
eric@calhounlaw.com

/s/ Grant Gaines
Grant M. Gaines